# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARY McCULLUM, DIANE MATTHEWS, AND TRACY MOSLEY | CIVIL ACTION |
| VERSUS | NO: 08-5050 |
| MCALISTER'S CORPORATION OF MISSISSIPPI | SECTION: "S" (3) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion to Dismiss or, in the alternative, for Summary Judgment filed by defendant McAlister's Corporation of Mississippi (Doc. #45) is **GRANTED**, as to plaintiffs' claims for breach of contract, negligence, and fraud, and **DENIED** as to plaintiff's claims for unjust enrichment and conversion.

## BACKGROUND

Mary McCollum, Diane Matthews, and Tracy Mosley filed a "Petition for Damages and to Establish a Class Action" in against McAlister's Corporation of Mississippi ("McAlister's") in the Civil District Court for the Parish of Orleans, State of Louisiana . Plaintiffs allege that they are current or former employees of McAlister's who worked at McAlister's Deli Select, 4 Canal Street, New Orleans, Louisiana, and that they were denied wages and tips by McAlister's and its

supervisory employees. They allege that McAlister's customers left cash tips in a "tip jar" located at the register or entered a tip amount on the merchant's copy of their credit card slips. The plaintiffs allege that McAlister's did not distribute to the employees the tips charged to customers' credit cards, and that the managers kept portions of tips left in the "tip jar."

On December 2, 2008, McAlister's removed the action to the United States District Court for the Eastern District of Louisiana based on diversity jurisdiction and the Class Action Fairness Act, 28 U.S.C. §§ 1332(d)(2) and 1453(b). After the action was removed, plaintiffs learned that McAlister's Deli Select, 4 Canal Street, New Orleans, Louisiana, is a franchise of McAlister's that is owned and operated by a franchisee known as New Orleans Deli & Dining, LLC ("New Orleans Deli"). On April 10, 2009, plaintiffs amended their complaint to state claims against New Orleans Deli. Plaintiffs allege that McAlister's and/or New Orleans Deli are liable to plaintiffs for their failure to distribute tip money under theories of breach of contract, negligence, fraud, unjust enrichment, and conversion.

McAlister's filed a motion to dismiss, or alternatively for summary judgment arguing that plaintiffs have not stated a claim against McAlister's because they were employees of New Orleans Deli, not McAlister's. McAlister's argues that it did not have the required relationship with, or owe any duties to, plaintiffs to hold it liable for breach of contract, negligence, fraud, or conversion. McAlister's also argues that plaintiffs failed to plead fraud with the required specificity, and that

plaintiffs cannot state a claim for unjust enrichment because they have another remedy at law.[1]
Plaintiffs argue that they have stated claims against McAlister's for breach of contract, negligence, fraud, unjust enrichment, and fraud because: (1) they seek to represent a class of individuals, some of whom may have been directly employed by McAlister's; and (2) McAlister's devised the allegedly inappropriate tip policy and directed its franchisees on how to implement the policy.

**ANALYSIS**

**1.    Legal Standard**

In considering a motion to dismiss for failure to state a claim, a district court may consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)). However, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Id. at 498-99 (internal citations omitted). "If, however, a district court considers other information 'outside the complaint,' it must treat the motion to dismiss as a motion for summary judgment." Rodriguez v. Rutter, 310 Fed. Appx. 623, 626 (5th Cir. 2009). "In the event a motion to dismiss is converted to one for summary judgment, a district court must first give the parties notice, and then may consider all the evidence presented." Id.

---

[1] This court previously granted New Orleans Deli's Motion to Dismiss plaintiffs' claims for fraud and attorneys' fees, and denied McAlister's Motion to Dismiss plaintiffs' class action allegations. See Document 40.

McAlister's attached to its motion a declaration executed on December 29, 2009, by its Chief Financial Officer, Lewis Loeb.[2] The declaration is not referred to in the pleadings. However, it is unnecessary to consider the declaration in ruling on McAlister's motion, and therefore the court will address the motion as a Rule 12(b)(6) motion.

Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl., 127 S.Ct. at 1965.

## 2. Breach of Contract

McAlister's argues that plaintiffs have not stated a claim for breach of contract because plaintiffs were employed by New Orleans Deli, not McAlister's. Plaintiffs argue that they have stated a claim for breach of contract because there may be class members who were employed by McAlister's and they allege in the alternative that they were employed by McAlister's.

---

[2] In the declaration, Lewis Loeb states that: (1) McAlister's sells franchises for its deli-style restaurants and operates some of its own restaurants; (2) each franchisee hires its own employees and handles all interactions with them; (3) plaintiffs have never worked for McAlister's or a McAlister's-operated store; (4) McAlister's never had any contract of any kind with the plaintiffs; (5) the McAlister's franchise located at 4 Canal Street, New Orleans, Louisiana is owned and operated by New Orleans Deli; and (6) McAlister's has no employees at the franchise located at 4 Canal Street, New Orleans, Louisiana, and had no interaction with the employees there about their tips or any other subject.

4

In their petition, plaintiffs allege that they were employees of McAlister's. However, in their first supplemental and amending complaint, which adds New Orleans Deli as a defendant, plaintiffs state that they "are current or former workers or employees of McAlister's, New Orleans Deli, or other McAlister's franchises." The first supplemental and amending complaint shows that plaintffs are aware that they do not have an employment contract with McAlister's. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 127 S.Ct. at 1974). It is obvious from the face of the complaints that New Orleans Deli is a franchise of McAlister's and New Orleans Deli, not McAlister's, was plaintiffs' employer. Therefore, plaintiffs have not stated a claim for relief against McAlister's for breach of contract that is plausible on its face.

Further, plaintiffs argument that there may be class members who were direct employees of McAlister's does not change the analysis. The named plaintiffs do not have a cause of action against McAlister's for breach of contract, and they cannot maintain the claim for breach of contract on behalf of a putative class of potential claimants who may have been employed by McAlister's. See O'Shea v. Littleton, 94 S.Ct. 669, 675-76 (1974); see also James v. City of Dallas, Tex., 254 F.3d 551, 562-63 (5 th Cir. 2001). Therefore, McAlister's motion to dismiss is GRANTED as to plaintiffs' breach of contract claims, and such claims are DISMISSED.

**3.    Negligence and Conversion**

McAlister's argues that plaintiffs' claims for negligence should be dismissed because it did not owe plaintiffs a duty, and could not have breached a duty because it did not employ plaintiffs

5

or the New Orleans Deli managers who allegedly took the tips. Plaintiffs argue that McAlister's owed them a duty as employees of a franchisee because McAlister's created the tip policy and could be liable for its negligence in creating the policy and causing it to be implemented at the franchised locations. Further, plaintiffs argue that there may be class members who are direct employees of McAlister's and that McAlister's would be liable to them for negligence in taking those class member's tips.

Under Louisiana law, to prevail on a claim for negligence, the plaintiff must prove: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element). Lemann v. Essen Lane Daiquiris, Inc., 923 So.2d 627, 633 (La. 2006) (citing Fowler v. Roberts, 556 So.2d 1, 4 (La.1989)). A negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability. Mathieu v. Imperial Toy Corp., 646 So.2d 318, 321 (La.1994).

Negligence is an unintentional tort. Louisiana law also recognizes intentional torts, such as conversion. Alverez v. Clasen, 946 So.2d 181, 182 (La. Ct. App. 2006). In Caudle v. Betts, 512 So.2d 389 391 (La. 1987), the Supreme Court of Louisiana explained that the intent required for an intentional tort:

> The intent to which tort liability is concerned is not necessarily a hostile intent, or a desire to do any harm. RESTATEMENT (SECOND) OF TORTS, AMERICAN LAW INSTITUTE § 13, (comment e) (1965).

> Rather it is an intent to bring about a result which will invade the interests of another in a way that the law forbids. The defendant may be liable although intending nothing more than a good-natured practical joke, or honestly believing that the act would not injure the plaintiff, or even though seeking the plaintiff's own good. W. PROSSER AND W. KEETON, THE LAW OF TORTS, § 9 (5th ed. 1984).

Plaintiffs do not allege any unintentional acts by McAlister's. Instead, plaintiffs allege that McAlister's implemented a tip policy whereby the tips were purposefully taken by the managers or other employees of the restaurants and either kept or donated to charity. The alleged acts of implementing the tip policy and taking the tips were done intentionally, not accidentally nor negligently. Thus, plaintiffs' claims do not sound in negligence, but rather in the intentional tort of conversion. Therefore, McAlister's motion to dismiss is GRANTED as to plaintiffs' negligence claims and those claims are DISMISSED.

"Conversion is defined as an act in derogation of the plaintiff's possessory rights or any wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently, or for an indefinite time." Chrysler Credit Corp. v. Whitney Nat'l Bank, 51 F.3d 553, 557 (5th Cir.1995). "The tort of conversion is committed when one wrongfully does any act of dominion over the property of another in denial of or inconsistent with the owner's rights." F.G. Bruschweiler (Antiques) Ltd. v. GBA Great British Antiques, L.L.C., 860 So.2d 644, 649 (La. Ct. App. 2006) (citing Aymond, v. State, Dept. Of Revenue and Taxation, 672 So.2d 273, 275 (La Ct. App. 1996)). In order to prevail on a claim of conversion under Louisiana law, the plaintiff must prove that (1) he owned or had the right to possess funds that were misused by the defendant, (2) the misuse was inconsistent with the plaintiff's rights of ownership, and (3) the misuse constituted

a wrongful taking of the funds. Chrysler Credit Corp. v. Whitney Nat'l Bank, 798 F.Supp. 1234, 1236-37 (E.D .La.1992) (citing Chrysler Credit Corp. v. Perry Chrysler Plymouth, 783 F.2d 480, 484 (5th Cir.1986)).

Plaintiffs have stated a claim for conversion against McAlister's because they allege that McAlister's was responsible for the tip policy and it used the tips for its own purposes, namely either keeping the money or donating it to charity for good press and tax benefits. Plaintiffs have alleged that they had a right to the tips, McAlister's actions in creting the tip policy were inconsisted with plaintiffs' rights of ownership, and the misuse was a wrongful taking. Therefore, McAlister's motion to dismiss is DENIED as to plaintiffs' conversion claims.

**4.     Fraud**

McAlister's argues that plaintiffs' claim for fraud should be dismissed because plaintiffs have not pleaded fraud with particularity as required by Rule 9(b). Plaintiffs contend that they have properly pleaded fraud by stating that they were hired to work at McAlister's restaurants, were not informed that they would not receive tips left in "tip jars" or on credit card receipts, and defendants knowingly took the tip money contrary to their representations to plaintiffs and customers.

The allegations in the first supplemental and amending complaint that are specific to fraud are:

> Defendants misrepresented and suppressed the truth regarding tips and wages with the intention to obtain an unjust advantage in favor of Defendants and to cause a loss to the Plaintiffs and the other workers. Plaintiffs and other workers detrimentally relied on defendants' fraud causing and contributing to their damages.

Document 13, ¶ 20.[3]

"[S]tate-law fraud claims are subject to the pleading requirements of Rule 9(b)." Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338-39 (5th Cir. 2008). "A dismissal for failure to state fraud with particularity as required by Rule 9(b) is a dismissal on the pleadings for failure to state a claim." Flaherty & Crumrine Preferred Income Fund, Inc., 565 F.3d 200, 206 (5th Cir. 2009). "Rule 9(b) states that 'in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.'" Id. at 206-07. "Rule 9(b) does not 'reflect a subscription to fact pleading' and requires only 'simple, concise, and direct' allegations of the 'circumstances constituting fraud,' which after Twombly must make relief plausible, not merely conceivable, when taken as true." U.S. ex rel Grubbs v. Kanneganti, 565 F.3d 180, 186 (5th Cir. 2009). "The frequently stated, judicially-created standard for a sufficient fraud complaint . . . instructs a plaintiff to plead the time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what that person obtained thereby." Id. (internal quotation and citation omitted).

"Fraud is defined as 'misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other.

---

[3] Plaintiffs' fraud allegations in the petition are substantially the same:

> McAlister's is liable to petitioners under Louisiana Civil Code articles 1953 and 1958, as McAlister's misrepresented and suppressed the truth regarding tips and wages with the intention to obtain an unjust advantage in favor to McAlister's and to cause a loss to the petitioners. Petitioners and other employees detrimentally relied on McAlister's fraud causing and contributing to their damages.

Document 1, ¶ 20.

Fraud may also result from silence or inaction." Cashman Equipment v. Acadian Shipyard, Inc., 66 Fed. Appx. 524 (5th Cir 2003); La. Civ. Code art. 1953.

The court concludes that the plaintiffs have not stated with particularity the circumstances constituting their fraud claim. The plaintiffs do not plead the time and place of the false representations. Further, the plaintiffs identify only "McAlister's," the franchiser of over 250 independently-owned McAlister's locations, but do not identify the person who made the misrepresentations or what that person obtained as a result of the fraud. Accordingly, the plaintiffs have not pleaded enough facts to state a claim to relief based on fraud that is plausible on its face, as opposed to conceivable, and McAlister's motion to dismiss the fraud claim is GRANTED.

**5.     Unjust Enrichment**

McAlister's argues that plaintiffs' claims for unjust enrichment should be dismissed because plaintiffs McAlister's was not enriched because McAlister's never received the allegedly withheld tips, and there is no causal connection between any alleged impoverishment and any enrichment to McAlister's. McAlister's also argues that plaintiffs' cannot state a claim for unjust enrichment against it because they have another remedy at law, namely remedies against New Orleans Deli.

Plaintiffs contend that they have stated a claim for unjust enrichment against McAlister's because they allege that McAlister's received the money and that it was donated to charities in McAlister's name. Plaintiffs argue that McAlister's was enriched by the good press and tax benefits derived by the donations, at plaintiffs' expense. Plaintiffs also argue that Mississippi law may apply to their claims and Mississippi law does not require that there be no other remedy at law. Further, plaintiffs argue that unjust enrichment is pleaded in the alternative.

Louisiana Civil Code article 2298, codifies the Louisiana doctrine of unjust enrichment:

> A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall bot be available if the law provides another remedy for the impoverishment or declares a contrary rule.

The elements of an unjust enrichment claim are: (1) an enrichment of the defendant; (2) an impoverishment of the plaintiff; (3) a connection between the enrichment and the resulting impoverishment; (4) an absence of justification or cause for the enrichment and impoverishment; and (5) there must be no other remedy at law available to the plaintiff. Baker v. Maclay Properties Co., 648 So.2d 888, 897 (La. 1995).

Under Mississippi law,[4] the doctrine of unjust enrichment "applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another." Estate of Johnson v. Adkins, 513 So.2d 922, 926 (Miss. 1987) (quoting Hans v. Hans, 486 So.2d 1117, 1122 (Miss. 1986)). "[T]he basis for an action for 'unjust enrichment' lies in a promise, which is implied in law, that one will pay to the person entitled thereto which in equity and good conscience is his." Id. (quoting Magnolia Fed. Sav. & Loan v. Randal Craft Realty, 342 So.2d 1308, 1311 (Miss. 1977)).

In the amended petition plaintiffs allege that:

---

[4] A choice of law analysis is neither necessary nor appropriate at this time. The court makes no representations as to what law will ultimately apply in this action, but reviews both Louisiana and Mississippi law because the choice of law analysis was raised by the parties.

11

> Defendants are liable to Plaintiffs under the doctrine of unjust enrichment, which in Louisiana is defined in Louisiana Civil Code article 2298. Defendants have been enriched without cause at the expense of Plaintiffs and other workers, because the tips from customers were the property, money, or wages of the Plaintiffs and workers. But Defendants enriched themselves without cause when they withheld took, used or distributed these tips.

Document 13, ¶ 21.[5]

Essentially, plaintiffs allege that the tip money belonged to them, and they were wrongfully deprived them of the tip money by McAlister's when it either kept the money or derived a tax benefit from donating it to charity. Plaintiffs have pleaded a cause of action for unjust enrichment under Mississippi law, as an alterative to their breach of contract claim, because they have stated that McAlister's is in possession of money which in good conscience and justice should be delivered to plaintiffs.

Further, plaintiffs' pleadings satisfy the first four elements of the Louisiana cause of action for unjust enrichment. Although plaintiffs have not pleaded that they do not have another remedy at law, they have pleaded unjust enrichment in the alternative. Seemingly inconsistent alternative arguments are permitted by Rule 8 of the Federal Rules of Civil Procedure. Rule 8(d) provides in pertinent part that "[a] party may set out two or more statements of a claim or defense alternatively or hypothetically" and that "[a] party may state as many separate claims or defenses as it has,

---

[5] Plaintiffs' unjust enrichment allegations in the petition are substantially the same:

> McAlister's is liable to petitioners under Louisiana Civil Code article 2298 as McAlister's has been enriched without cause at the expense of the petitioners and other employees, as the tips from customers were the property, money, or wages of the petitioners and employees, but McAlister's enriched itself without cause when it withheld, took, or used the tips.

regardless of consistency." FED. R. CIV. P. 8(d)(2)-(3). Additionally, Louisiana law clearly permits unjust enrichment to be pleaded in the alternative. See Carriere v. Bank of Louisiana, 702 So.2d 648, 658 (La. 1996). In Carriere, the Supreme Court of Louisiana discussed plaintiffs' claims for unjust enrichment, which were pleaded in the alternative to contract claims. Id. at 658. The court held that the plaintiffs were entitled to recover under the terms of the contract, and did not rely on the doctrine of unjust enrichment. Id. However, the court did not say that plaintiffs' cause of action for unjust enrichment should have been dismissed on an exception of no cause of action, and implied that a cause of action for unjust enrichment can be pleaded as an alternative to a remedy at law. Therefore, plaintiffs have pleaded unjust enrichment in the alterative under Louisiana and Mississippi law, and McAlister's motion to dismiss is DENIED as to plaintiffs' unjust enrichment claim.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss or, in the alternative, for Summary Judgment filed by defendant McAlister's Corporation of Mississippi (Doc. #45) is **GRANTED**, as to plaintiffs' claims for breach of contract, negligence, and fraud, and **DENIED** as to plaintiff's claims for unjust enrichment and conversion.

New Orleans, Louisiana, this  13th  day of April, 2010.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**