UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| MARY McCULLUM, DIANE MATTHEWS, AND TRACY MOSLEY | CIVIL ACTION |
|---|---|
| VERSUS | NO: 08-5050 |
| MCALISTER'S CORPORATION OF MISSISSIPPI | SECTION: "S" (3) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by defendant, McAlister's Corporation of Mississippi (Doc. #71), is **DENIED.**

## BACKGROUND

Mary McCollum, Diane Matthews, and Tracy Mosley filed a "Petition for Damages and to Establish a Class Action" in against McAlister's Corporation of Mississippi ("McAlister's") in the Civil District Court for the Parish of Orleans, State of Louisiana. Plaintiffs allege that they are current or former employees of a McAlister's franchise known as New Orleans Deli and Dining ("New Orleans Deli") that is located at 4 Canal Street, New Orleans, Louisiana, and that they were denied wages and tips. They allege that McAlister's and/or New Orleans Deli customers left cash tips in a "tip jar" located at the register or entered a tip amount on the merchant's copy of their credit

card slips. The plaintiffs allege that the tips charged to customers' credit cards were not distributed to the employees, and that the managers kept portions of tips left in the "tip jar." Plaintiffs allege that McAlister's and/or New Orleans Deli are liable to plaintiffs for their failure to distribute tip money under theories of breach of contract, negligence, fraud, unjust enrichment, and conversion.

McAlister's filed a motion to dismiss, or alternatively for summary judgment, arguing that plaintiffs did not stated a claim against McAlister's because: plaintiffs were not employees of McAlister's; McAlister's did not have the required relationship with, or owe any duties to, plaintiffs to hold it liable for breach of contract, negligence, fraud, or conversion; plaintiffs failed to plead fraud with the required specificity; and, plaintiffs cannot state a claim for unjust enrichment because they have another remedy at law. The court granted McAlister's motion to dismiss as to plaintiffs' claims for breach of contract, negligence, and fraud, but denied the motion as to plaintiffs' claims for conversion and unjust enrichment.

The court found that plaintiffs stated a claim for conversion against McAlister's because plaintiffs allege that McAlister's was responsible for the tip policy of either keeping the tip money or donating it to charity for good press and/or tax benefits, which was inconsistent with plaintiffs' rights of ownership. Also, the court found that plaintiffs were permitted to plead unjust enrichment under Louisiana law in the alternative, regardless of whether they may have another remedy at law. The court also found that plaintiffs stated a claim for unjust enrichment under either Louisiana law or Mississippi law because they allege that McAlister's was enriched by creating a tip policy that deprived plaintiffs of their rights to the money and enriched McAlister's through tax benefits and/or good press resulting from charitable donations.

2

McAlister's now moves for summary judgment on plaintiffs' claims for conversion and unjust enrichment.

**ANALYSIS**

**1.      Legal Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c).  If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.  Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).  The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**2.      McAlister's Motion for Summary Judgment**

   **A.      Conversion**

"Conversion is defined as an act in derogation of the plaintiff's possessory rights or any wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently, or for an indefinite time." Chrysler Credit Corp. v. Whitney Nat'l Bank, 51 F.3d 553,

557 (5th Cir.1995). "The tort of conversion is committed when one wrongfully does any act of dominion over the property of another in denial of or inconsistent with the owner's rights." F.G. Bruschweiler (Antiques) Ltd. v. GBA Great British Antiques, L.L.C., 860 So.2d 644, 649 (La. Ct. App. 2006) (citing Aymond, v. State, Dept. Of Revenue and Taxation, 672 So.2d 273, 275 (La Ct. App. 1996)). Specifically, the tort of conversion is committed when any of the following occurs: (1) possession is acquired in an unauthorized manner; (2) the chattel is removed from one place to another with the intent to exercise control over it; (3) possession of the chattel is transferred without authority; (4) possession is withheld from the owner or possessor; (5) the chattel is altered or destroyed; (6) the chattel is used improperly; or (7) ownership is asserted over the chattel. Daul Drilling Co. v. Mills Equipment Investments, Inc., 721 So.2d 853, 856 (La. Ct. App. 1998). In order to prevail on a claim of conversion under Louisiana law, the plaintiff must prove that: (1) he owned or had the right to possess funds that were misused by the defendant; (2) the misuse was inconsistent with the plaintiff's rights of ownership; and (3) the misuse constituted a wrongful taking of the funds. Chrysler Credit Corp. v. Whitney Nat'l Bank, 798 F.Supp. 1234, 1236-37 (E.D .La.1992) (citing Chrysler Credit Corp. v. Perry Chrysler Plymouth, 783 F.2d 480, 484 (5th Cir.1986)).

McAlister's argues that there is no genuine issue of material fact that it never had possession of plaintiffs' allegedly converted tips. McAlister's contends that the money left in the tip jars at New Orleans Deli were distributed to the employees, and that the tips left on credit card slips were deposited into New Orleans Deli's donation fund and then donated to charity, without ever passing into McAlister's possession. In support of its contention, McAlister's presents a declaration from

4

its Chief Financial Officer, Lewis Loeb ("Loeb"), in which Loeb attests that McAlister's has never been in possession of any tips from New Orleans Deli.

McAlister's also presents written discovery responses proved by New Orleans Deli. In those discovery responses, New Orleans Deli states that:

> Under [New Orleans Deli's] previous tip policy, all cash tips were given to front staff tipped employees and all credit card tips were deposited into a donation fund pursuant to the policies and direction of McAlister's Corporation.

The basic requirements for the tort of conversion are an act in derogation of the plaintiff's possessory rights that deprives the plaintiffs of possession, permanently, or for an indefinite time. Chrysler Credit Corp., 51 F.3d at 557. Further, a conversion can be committed when possession is withheld from the owner or possessor, or the chattel is used improperly. Plaintiffs have alleged, and New Orleans Deli's discovery responses support, that McAlister's had a policy of donating tips to charity. Discovery is in the early stages in this case. Indeed, McAlister's represenatiives and executives have not yet been deposed. Thus, there are genuine issues of material fact in dispute regarding McAlister's tip policy, and whether that policy resulted in a conversion of plaintiffs' tips. Therefore, McAlister's motion for summary judgment is DENIED as to plaintiffs' claims for conversion.

### B.     Unjust Enrichment

Louisiana Civil Code article 2298, codifies the Louisiana doctrine of unjust enrichment:

> A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy

5

declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.

The elements of an unjust enrichment claim are: (1) an enrichment of the defendant; (2) an impoverishment of the plaintiff; (3) a connection between the enrichment and the resulting impoverishment; (4) an absence of justification or cause for the enrichment and impoverishment; and (5) there must be no other remedy at law available to the plaintiff. Baker v. Maclay Properties Co., 648 So.2d 888, 897 (La. 1995).

Under Mississippi law, the doctrine of unjust enrichment "applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another." Estate of Johnson v. Adkins, 513 So.2d 922, 926 (Miss. 1987) (quoting Hans v. Hans, 486 So.2d 1117, 1122 (Miss. 1986)). "[T]he basis for an action for 'unjust enrichment' lies in a promise, which is implied in law, that one will pay to the person entitled thereto which in equity and good conscience is his." Id. (quoting Magnolia Fed. Sav. & Loan v. Randal Craft Realty, 342 So.2d 1308, 1311 (Miss. 1977)).

McAlister's argues that it is entitled to summary judgment on plaintiffs' unjust enrichment claims because plaintiff's have another remedy at law, namely their breach of contract claim against New Orleans Deli, and there is no genuine issue of material fact that McAlister's did not receive plaintiffs' tip money and was thus not enriched.

Plaintiffs point out that Mississippi law on unjust enrichment, which may apply, does not have the requirement that plaintiffs have no other remedy at law. Further, plaintiffs argue that there

6

are disputed issues of fact as to what benefits McAlister's received by implementing the tip policy. Specifically, plaintiffs contend that McAlister's may have received tax benefits and/or good press from instituting the policy of taking employees' tips and donating the tips to charity. Plaintiffs also argue that summary judgment is premature until they have been permitted to depose McAlister's representatives and executives.

Because there is much discovery yet to be conducted, and it is undetermined whether Louisiana or Mississippi law will apply to plaintiffs' claim for unjust enrichment against McAlister's, there are disputed issues of fact that preclude summary judgment. Therefore, McAlister's motion for summary judgment is DENIED as to plaintiffs' claims for unjust enrichment.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by defendant, McAlister's Corporation of Mississippi (Doc. #71), is **DENIED.**

New Orleans, Louisiana, this 25th day of June, 2010.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**