UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARY McCULLUM, DIANE MATTHEWS, AND TRACY MOSLEY | CIVIL ACTION |
| VERSUS | NO: 08-5050 |
| MCALISTER'S CORPORATION OF MISSISSIPPI | SECTION: "S" (3) |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by defendant, New Orleans Deli & Dining, LLC ("NODD") (Doc. #85), is **GRANTED**, as to plaintiffs' claims for negligence,[1] and **DENIED** as to plaintiffs' claims for breach of contract, conversion, unjust enrichment, and payment of a thing not owed.

In Williams v. Jacksonville Terminal Co. Pickett, 62 S.Ct. 659, 666 (1942), the Supreme Court of the United States recognized the general principal that "[i]n businesses where tipping is customary, the tips, in the absence of an explicit understanding, belong to the recipient." The court also recognized that the employee can enter into an agreement to turn over the tips to the employer

---

[1] Plaintiffs agreed that NODD's alleged actions were intentional, and thus they do not have a claim for negligence. However, NODD acknowledged that any claim plaintiffs' may have for negligent conversion is covered by plaintiffs' conversion allegations.

if there is no statutory prohibition to such an arrangement. Id. The United States Court of Appeals for the Fifth Circuit reiterated this general principal and applied it to waiters in Barcellona v. Tiffany English Pub, Inc., 597 F.2d 464, 467 (5th Cir. 1979).[2]

Here, there are genuine issues of material fact as to whether plaintiffs entered an explicit agreement to turn their tips over to NODD. These issues affect plaintiffs' claims for breach of contract, conversion, unjust enrichment, and payment of a thing not owed. Thus, NODD's motion for summary judgment is DENIED.

New Orleans, Louisiana, this __14th__ day of October, 2010.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE

---

[2] The Williams and Barcellona cases both involved issues concerning the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq.. However, the general principal that tips belong to the recipient is not depended upon the application of the FLSA, and comports with the common understanding and intent of tipping.