UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARY McCULLUM, DIANE MATTHEWS, AND TRACY MOSLEY | CIVIL ACTION |
| VERSUS | NO: 08-5050 |
| MCALISTER'S CORPORATION OF MISSISSIPPI | SECTION: "S" (3) |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by defendant, McAlister's Corporation of Mississippi (Doc. #93), is **GRANTED**, and plaintiffs' claims for conversion and unjust enrichment against McAlister's Corporation of Mississippi are **DISMISSED.**

BACKGROUND

Mary McCollum, Diane Matthews, and Tracy Mosley filed a "Petition for Damages and to Establish a Class Action" against McAlister's Corporation of Mississippi ("McAlister's") in the Civil District Court for the Parish of Orleans, State of Louisiana.  Plaintiffs allege that they are current or former employees of McAlister's who worked at McAlister's Deli Select, 4 Canal Street, New Orleans, Louisiana, and that they were denied wages and tips by McAlister's and its

supervisory employees.[1] They allege that McAlister's customers left cash tips in a "tip jar" located at the register or entered a tip amount on the merchant's copy of their credit card slips. The plaintiffs allege that McAlister's did not distribute to the employees the tips charged to customers' credit cards, and that the managers kept portions of tips left in the "tip jar," and that some of the tips were donated to charity.

On December 2, 2008, McAlister's removed the action to the United States District Court for the Eastern District of Louisiana based on diversity jurisdiction and the Class Action Fairness Act, 28 U.S.C. §§ 1332(d)(2) and 1453(b). After the action was removed, plaintiffs learned that McAlister's Deli Select, 4 Canal Street, New Orleans, Louisiana, is a franchise of McAlister's that is owned and operated by a franchisee, New Orleans Deli & Dining, LLC ("New Orleans Deli"). On April 10, 2009, plaintiffs amended their complaint to state claims against New Orleans Deli. Plaintiffs allege that McAlister's and/or New Orleans Deli are liable to plaintiffs for their failure to distribute tip money under theories of breach of contract, negligence, fraud, unjust enrichment, and conversion.

McAlister's filed a motion to dismiss, or alternatively for summary judgment, arguing that plaintiffs have not stated a claim against McAlister's because they were employees of New Orleans Deli, not McAlister's. McAlister's argued that it did not have the required relationship with, or owe any duties to, plaintiffs to hold it liable for breach of contract, negligence, fraud, or conversion. McAlister's also argues that plaintiffs failed to plead fraud with the required specificity, and that

---

[1] McCollum began her employment with New Orleans Deli in June 2006, and has been a cashier since that time. Mosley was employed as a cashier with New Orleans Deli from June 2006 to July 2007. Mathews was employed by New Orleans Deli as a kitchen worker from February 2006 to June 2009.

plaintiffs cannot state a claim for unjust enrichment because they have another remedy at law, namely an action against New Orleans Deli.  The court granted McAlister's motion to dismiss as to plaintiffs' claims for breach of contract, negligence, and fraud, but denied the motion as to plaintiffs' claims for conversion and unjust enrichment.  The court found that plaintiffs stated a claim for conversion against McAlister's, namely that McAlister's tip policy was inconsistent with plaintiffs' rights of ownership because plaintiffs allege that McAlister's was responsible for the tip policy of either keeping the tip money or donating it to charity for good press and/or tax benefits. Also, the court found that plaintiffs were permitted to plead unjust enrichment under Louisiana law in the alternative, regardless of whether they may have another remedy at law.  Further, the court found that plaintiffs stated a claim for unjust enrichment under either Louisiana law or Mississippi law because they allege that McAlister's was enriched by creating a tip policy that deprived plaintiffs of their rights to the money and enriched McAlister's through tax benefits and/or good press resulting from charitable donations.

    McAlister's moved for summary judgment on plaintiffs' claims for conversion and unjust enrichment.  The court denied the motion finding that because discovery was in its early stages, there were genuine issues of material fact regarding McAlister's tip policy, and whether that policy resulted in a conversion of plaintiffs' tips.  The court also found that it was too soon to decide whether Mississippi or Louisiana law would apply to plaintiffs' unjust enrichment claims.

    Since the denial of McAlister's motion for summary judgment, the parties have deposed some of McAlister's and New Orleans Deli's executives and the plaintiffs.  McAlister's argues that

the case is now ripe for summary judgment in its favor on plaintiffs' conversion and unjust enrichment claims against McAlister's.

**ANALYSIS**

**1.    Legal Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**2.    McAlister's Motion for Summary Judgment**

    **A.    Conversion**

"Conversion is defined as an act in derogation of the plaintiff's possessory rights or any wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently, or for an indefinite time." Chrysler Credit Corp. v. Whitney Nat'l Bank, 51 F.3d 553,

557 (5th Cir.1995). "The tort of conversion is committed when one wrongfully does any act of dominion over the property of another in denial of or inconsistent with the owner's rights." F.G. Bruschweiler (Antiques) Ltd. v. GBA Great British Antiques, L.L.C., 860 So.2d 644, 649 (La. Ct. App. 2006) (citing Aymond, v. State, Dept. Of Revenue and Taxation, 672 So.2d 273, 275 (La Ct. App. 1996)). Specifically, the tort of conversion is committed when any of the following occurs: (1) possession is acquired in an unauthorized manner; (2) the chattel is removed from one place to another with the intent to exercise control over it; (3) possession of the chattel is transferred without authority; (4) possession is withheld from the owner or possessor; (5) the chattel is altered or destroyed; (6) the chattel is used improperly; or (7) ownership is asserted over the chattel. Daul Drilling Co. v. Mills Equipment Investments, Inc., 721 So.2d 853, 856 (La. Ct. App. 1998). In order to prevail on a claim of conversion under Louisiana law, the plaintiff must prove that: (1) he owned or had the right to possess funds that were misused by the defendant; (2) the misuse was inconsistent with the plaintiff's rights of ownership; and (3) the misuse constituted a wrongful taking of the funds. Chrysler Credit Corp. v. Whitney Nat'l Bank, 798 F.Supp. 1234, 1236-37 (E.D .La.1992) (citing Chrysler Credit Corp. v. Perry Chrysler Plymouth, 783 F.2d 480, 484 (5th Cir.1986)).

Similarly, under Mississippi law, a conversion occurs when one exercises "dominion or control over goods which is inconsistent with the true owner's right." First Investors Corp. v. Rayner, 738 So.2d 228, 234 (Miss. 1999). "[A]n unauthorized and injurious use, or of a wrongful detention after demand" can also constitute conversion. Mississippi Motor Finance, Inc. v. Thomas, 149 So.2d 20, 23 (Miss. 1963).

McAlister's is entitled to summary judgment on plaintiffs' conversion claims. There is no evidence that McAlister's had possession of or asserted direct control over any tips that belonged to plaintiffs. In his deposition, Kyle Brechtel, New Orleans Deli's owner and operating manager, testified that no portion of the tips collected at New Orleans Deli were sent to McAlister's, and he made the decisions regarding to whom to donate the tips without any input from McAlister's. Further, Brechtel testified that in 2005, prior to the plaintiffs' employment, New Orleans Deli changed its tip policy. Instead of donating all tips to charity, as was McAlister's tip policy, New Orleans Deli decided to donate only credit card tips to charity and to distribute the cash tips to the front staff. Because New Orleans Deli did not follow McAlister's tip policy during plaintiffs' employment, McAlister's did not assert any control over plaintiffs' tips or commit any action that resulted in the withholding of the plaintiffs' tips. Therefore, McAlister's motion for summary judgment is GRANTED as to plaintiffs' conversion claims, and those claims are DISMISSED.

**B.    Unjust Enrichment**

Louisiana Civil Code article 2298, codifies the Louisiana doctrine of unjust enrichment:

> A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.

The elements of an unjust enrichment claim are: (1) an enrichment of the defendant; (2) an impoverishment of the plaintiff; (3) a connection between the enrichment and the resulting impoverishment; (4) an absence of justification or cause for the enrichment and impoverishment;

and (5) there must be no other remedy at law available to the plaintiff. Baker v. Maclay Properties Co., 648 So.2d 888, 897 (La. 1995).

Under Mississippi law, the doctrine of unjust enrichment "applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another." Estate of Johnson v. Adkins, 513 So.2d 922, 926 (Miss. 1987) (quoting Hans v. Hans, 486 So.2d 1117, 1122 (Miss. 1986)). "[T]he basis for an action for 'unjust enrichment' lies in a promise, which is implied in law, that one will pay to the person entitled thereto which in equity and good conscience is his." Id. (quoting Magnolia Fed. Sav. & Loan v. Randal Craft Realty, 342 So.2d 1308, 1311 (Miss. 1977)).

McAlister's is entitled to summary judgment on plaintiffs' unjust enrichment claims. Brechtel testified that McAlister's never received any portion of the tips collected at New Orleans Deli. Because Mississippi law requires possession to sustain a claim for unjust enrichment, plaintiffs do not have a claim for unjust enrichment against McAlister's under Mississippi law.

Further, plaintiffs do not have a claim for unjust enrichment against McAlister's under Louisiana law because they have offered no proof that McAlister's received any tax benefits or public relations benefits from New Orleans Deli's donation of tips that belonged to plaintiffs. Because plaintiffs have not offered any proof that McAlister's was enriched by their tip money, they do not have a claim for unjust enrichment under Louisiana law. Therefore, McAlister's motion for summary judgment is GRANTED as to plaintiffs' unjust enrichment claims, and those claims are DISMISSED.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by defendant, McAlister's Corporation of Mississippi (Doc. #93), is **GRANTED**, and plaintiffs' claims for conversion and unjust enrichment against McAlister's Corporation of Mississippi are **DISMISSED.**

New Orleans, Louisiana, this 21st day of October, 2010.

```
         MARY ANN VIAL LEMMON
         UNITED STATES DISTRICT JUDGE
```