# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARY MCCOLLUM, ET AL. | CIVIL ACTION |
| VERSUS | NO. 08-5050 |
| MCALISTER'S CORPORATION OF MISSISSIPPI, ET AL. | SECTION "S" (3) |

## REPORT AND RECOMMENDATION

This matter is before the Court to approve the disbursement of a settlement fund in the above-captioned matter. On February 8, 2012, the District Court referred the final approval of the disbursement of the settlement fund to the undersigned under 28 U.S.C. § 636(c). [Doc. #122].

For purposes of this Order, the complaint alleges as follows. Plaintiffs are former employees of defendant Mcalister's Corporation of Mississippi ("Mcalister's") and of defendant New Orleans Deli & Dining, L.L.C. ("NODD"), a franchisee. Customers left tips at Mcalister's in a "tip jar" located at the registers or on the "tip line" of credit card receipts. Plaintiffs allege that McAlister's retained the tips.

Plaintiffs thus sued McAlister's and NODD for negligence, breach of contract, misrepresentation, detrimental reliance, unjust enrichment and potential common-law claims of breach of contract, conversion, theft and/or unjust enrichment. The District Court preliminarily certified a class only for purposes of the settlement between plaintiffs and NODD. [Doc. #116].

On December 7, 2011, the District Court entered the Final Approval of Settlement Agreement, Certification of the Class, and Award of Attorneys' Fees, Costs and Special Incentive Awards to the Class Representatives [Doc. #120]. In the Final Approval, the District Court defined the class as follows:

> All individuals who worked at McAlister's Deli during the years of 2006, 2007, and 2008 as:
> (1) "front of the house employees" (cashiers and table runners) at the following McAlister's Deli locations: (1) the Metairie location; (2) the Harrah's location; (3) the Kenner location; (4) the Covington location; (5) the Slidell location; and (6) the uptown New Orleans location; and (2) "back of the house employees" (kitchen workers) at the Harrah's location.
> Excluded from the "Class" are all "back of the house employees" at all McAlister's Deli locations other than the Harrah's location.

[Doc. #120 at p. 3]. No party objected to the settlement agreement at the fairness hearing before the District Court, [Doc. #119], and no party has appealed the District Court's final approval of the settlement. Fed. R. App. 4(a)(1)(A) (noting that a party has 30 days to file a notice of appeal in a civil case).[1] Accordingly, the matter of disbursement of the settlement fund is ripe for resolution.

After the approval by the District Court of $500.00 to each of the three class representatives and of the award of attorneys' fees and costs to counsel for the class members, $15,500.00 remains in the settlement fund. After each class member receives a nominal $20.00 minimum payment, there remains $13,560.00 in the settlement fund to distribute proportionally amongst the members.

The precise issue before the Court is the determination of the settlement amount due each class member. On January 26, 2012, counsel forwarded to the Court the 101 Proof of Claim and

---

[1] The District Court certified the Final Approval as immediately appealable. [Doc. #120 at ¶ 18].

Release Forms that they had received.[2] Counsel also forwarded an Excel Spreadsheet that lists (1) the class members alphabetically; (2) the total numbers of hours that each class member worked; (3) the percentage of each class member's hours in proportion to the total number of hours worked by all class members; (4) the minimum payment due each class member ($20.00); (5) the proportional payment to each class member based on the percentage of hours worked; and (6) the total amount due each class member.[3] Counsel also submitted the affidavit of Ben M. Brechtel, Accounting Manager at NODD, who attested to the accuracy of the total hours worked by each of the class members who submitted a claim form during the years 2006, 2007 and 2008. [Doc. #121 at ¶ 4]. The Court ordered the affidavit to be filed into the record.

Having reviewed the Excel Spreadsheet, the Court finds that the pro rata or proportional method of distribution of the settlement fund is fair and reasonable given that there is no evidence in the record– nor there could be – of how much in tips each class member would have received during any particular shift. Counsel took the total number of hours that each class member worked during the relevant time period and divided it by the total number of hours worked by all class members to arrive at a percentage of proportional hours. Counsel then took the percentage and multiplied it by the total remaining in the settlement fund – $13,560.00 – to arrive at a proportional payment to each class member based on the hours that he or she had worked. The Court finds that this is the most fair and reasonable method of distribution here given that the amount of tips that each class member would have received (each class member's "damages") would have been in direct proportion to the amount of hours that he or she had worked. *See, e.g., In re Packaged Ice Antitrust*

---

[2] The Proof of Claim and Release Forms are not filed into the record because they contain sensitive information relating to each class member.

[3] The Court attaches the Excel Spreadsheet to this Order.

*Litig.*, No. 08-MDL-01952, 2011 WL 6209188, *15-16 (E.D. Mich. Dec. 13, 2011) (and cases cited therein) (explaining the pro rata or proportional method of distribution and approving it in a price-fixing class action). In other words, a class member who worked 1110.23 hours at NODD would necessarily have received more tips than a class member who only worked 99.43 hours. Accordingly, the Court approves the pro rata or proportional method for the distribution of the settlement fund here.

The Excel Spreadsheet also notes four putative class members who submitted Proofs of Claim and Release Forms and for whom there is no record of employment at NODD. Brechtel also attested that NODD has no record of employment for the four employees listed on the Excel Spreadsheet: Katherine Champion, Almanette Mealey, Leeresa Stewart and Deanne Vadell. [*Id.* at ¶ 5]. The Court is not inclined to award any monies from the settlement fund to those putative class members for whom there is no record of employment. The only evidence in the record is that these four employees never worked at NODD. Should any of them have proof to the contrary, he or she may object to this Report and Recommendation and present such evidence within the applicable time limit.

Accordingly,

**IT IS RECOMMENDED** that the disbursement of the settlement funds as that disbursement is reflected on the Excel Spreadsheet attached to this Order be APPROVED.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge;

and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 10th day of February, 2012.

                                    **DANIEL E. KNOWLES, III**
                                    **UNITED STATES MAGISTRATE JUDGE**